1

2

3

4

5

6

7

8

9

10

11

12

13

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVID ALLUM,                                    )
                                                )
                    Plaintiff,                  )
          vs.                                   )          Case No.: 2:12-cv-00294-GMN-CWH
                                                )
MORTGAGE ELECTRONIC REGISTRATION    )                      **ORDER**
SYSTEMS, INC.; MOUNTAIN VIEW            )
MORTGAGE COMPANY; QUICKEN LOANS     )
INC.; QUALITY LOAN SERVICE CORP.; BAC   )
HOME LOANS SERVICING, LP *formerly known*  )
*as* COUNTRYWIDE HOME LOANS              )
SERVICING, LP,                              )
                                                )
                    Defendants.              )
                                                )

14

15

16

17

18

19

          Pending before the Court is the Motion to Dismiss (ECF No. 8) filed by Defendant

Quality Loan Service Corp. ("Quality Loan"), the Motion to Dismiss (ECF No. 11) filed by

Defendant Quicken Loans, Inc. ("Quicken Loans") and the Motion to Dismiss (ECF No. 19)

filed by Defendants BAC Home Loans Servicing, LP, FKA Countrywide Home Loans

Servicing ("BAC Home Loans"), and Mortgage Electronic Registration Systems, Inc.

("MERS").[1]  Pro Se Plaintiff*,* David Allum, has also filed a Motion to Remand (ECF No. 10).

20

## I.       BACKGROUND

21

          In 2003 Plaintiff signed a loan note secured by the property located at 1861 Igou Ln.,[2]

22

23

24

25

---

[1] Defendant Mountain View Mortgage Company was dismissed from this action on July 30, 2012. (Order of Dismissal Pursuant to Fed. R. Civ. P. 4(m), ECF No. 52.)

[2] In his Complaint, Plaintiff alleges that he "resides at 6895 East Lake Mead Blvd., Las Vegas, Nevada 89156" and that his "address is the Property at question in this case. APN 140-21-307-009." (Compl., 1:¶1.)  However, in the judicially noticeable documents provided by Defendants and publicly recorded in Clark County, this APN is associated with the property located at 1861 Igou Ln., Las Vegas, Nevada, 89156.  Because Plaintiff does not challenge the publicly recorded documents, the Court construes Plaintiff's Complaint to refer to the property located at 1861 Igou Ln., APN 140-21-307-009.

1   Las Vegas, Nevada, 89156, APN 140-21-307-009 ("the property"). (2003 Deed of Trust, Ex. B

2   to MTD, ECF No. 19-2[3]; *see* Compl., 1:¶1, 2:¶7, ECF No. 1.)  The Deed of Trust ("2003 Deed

3   of Trust") named Lawyers Title of Nevada, Inc. as Trustee, and Defendant MERS as

4   trustee/beneficiary. (2003 Deed of Trust, Ex. B to MTD, ECF No. 19-2; *see* Compl. at 2:¶9.)

5       Plaintiff alleges that a Substitution of Trustee was recorded in Clark County in April

6   2005, signed by Linda Green, who Plaintiff claims is a "known robo-signer." (Compl. at 2:¶10.)

7   Plaintiff also alleges that the "loan is in a GNMA PLATINUM TRUST SERIES 782529

8   TRUST (Trust)" and that Defendant Mountain View Mortgage Company "with MERS sold the

9   note to the Ginnie Mae REMIC trust without the knowledge of the borrower and Plaintiff in this

10  case." (Compl. at 2:¶10.)  Defendant Mountain View Mortgage Company was dismissed from

11  this action on July 30, 2012, pursuant to Federal Rule of Civil Procedure 4(m). (Order of

12  Dismissal, ECF No. 52.)

13      Plaintiff refinanced almost every year afterward and in May 2009 Plaintiff refinanced

14  once again, borrowing from Defendant Quicken Loans, Inc., secured by the property. (*See*

15  Deeds of Trust 2004, 2005, 2006, 2008, 2009, Exs. C-G to MTD, ECF Nos. 19-3–19-7; Compl.

16  at 3:¶11.)  The **2009 Deed of Trust** for this loan named Defendant Quicken Loans as Lender,

17  Title Source, Inc. ("Title Source") as Trustee, and Defendant MERS as beneficiary "solely as

18  nominee for Lender." (2009 Deed of Trust, ECF No. 8-1; *see* Compl. at 3:¶12.)

19      On January 22, 2010, a **Notice of Default** was recorded in Clark County by Defendant

20  Quality Loan Service "as agent for beneficiary" for the 2009 Deed of Trust, naming Defendant

21  Quality Loan Service as "either the original trustee, the duly appointed substituted trustee, or

22  acting as agent for the trustee or beneficiary." (Notice of Default, ECF No. 8-4; *see* Compl. at

23  3:¶13.)

24

25

---

[3] The Court takes judicial notice of the documents recorded in Clark County and submitted by the parties.  Where multiple parties submit a single document, the Court will only cite to one.

On April 30, 2010, an **Assignment** of Deed of Trust was recorded in Clark County, in which MERS transferred the beneficial interest in the 2009 Deed of Trust to BAC Home Loans Servicing. (Assignment, ECF No. 8-2; *see* Compl. at 3:¶15.)

On June 10, 2010, a **Substitution of Trustee** was recorded in Clark County, in which BAC Home Loans Servicing, as beneficiary, substituted Quality Loan Service as Trustee. (Substitution of Trustee, ECF No. 8-3; *see* Compl. at 3:¶16.)

On June 15, 2010, a **Notice of Trustee's Sale** was recorded in Clark County, stating a sale date of July 6, 2010. (Notice of Sale, ECF No. 8-5; *see* Compl. at 3:¶17.)  A **Trustee's Deed Upon Sale** was recorded in Clark County on July 16, 2010, naming BAC Home Loans Servicing as the Grantee. (Trustee's Deed, ECF No. 8-6; *see* Compl. at 4:¶18.)

Plaintiff filed suit in state court, and the action was removed to this Court in February 2010. (Compl.)  Plaintiff alleges three causes of action: (1) Quiet Title; (2) Fraud; and (3) Breach of Contract. (Compl.)

Plaintiff asks the Court to quiet title in himself alleging that Defendants did not have authority to foreclose on the property. (Compl. at 4:¶20.)  He alleges fraud based on the documents recorded in Clark County relating to the property, and alleges that those documents "contain the dates and times of the fraudulent actions of the Defendants satisfying the particulars of Fraud." (Compl. at 4:¶22.)  He alleges breach of contract based on Defendants' alleged failure to "notify him of the sale of the note to the Trust," in breach of his "right to know under the Deed of Trust that the note was being sold, transferred or assigned to the Trust." (Compl. at 4:¶23.)

II.     **DISCUSSION**

As discussed below, the Court will deny Plaintiff's Motion to Remand and grant Defendants' Motions to Dismiss.

A.      **Motion to Remand**

1

### 1.    Legal Standard

2      Removal to federal court under diversity jurisdiction requires that the parties be

3   completely diverse and that the amount in controversy exceed $75,000.00. 28 U.S.C. §§ 1332,

4   1441.  Defendants who have been properly served must join a petition for removal, and a court

5   may allow such a defect to be cured by the later joinder of all remaining defendants prior to the

6   entry of judgment. 28 U.S.C. § 1441(b)(2), 1446(b).

7

### 2.    Analysis

8      Here, the Court finds that all parties are completely diverse, that all properly served

9   parties have joined the petition for removal, and that the amount in controversy exceeds

10  $75,000.00.  Therefore, the exercise of jurisdiction is appropriate.

11     "In actions seeking declaratory or injunctive relief, it is well established that the amount

12  in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State*

13  *Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  "In a suit to quiet title, or to remove a cloud

14  therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it

15  is the whole of the real estate to which the claim extends." *Woodside v. Ciceroni*, 93 F.1, 4 (9th

16  Cir. 1899); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)

17  (treating entire value of real property as amount in controversy in action to enjoin foreclosure

18  sale).  Accordingly, Plaintiff's Motion to Remand (ECF No. 10) will be denied.

19

### B.    Motions to Dismiss

20

### 1.    Legal Standard

21     Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

22  that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp.*

23  *Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule

24  12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

25  give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

1   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint

2   is sufficient to state a claim, the Court will take all material allegations as true and construe them

3   in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

4   Cir. 1986).

5       The Court, however, is not required to accept as true allegations that are merely

6   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden

7   State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

8   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

9   is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

10  550 U.S. at 555) (emphasis added).

11      A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b)

12  for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino

13  Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's

14  complaint contain "a short and plain statement of the claim showing that the pleader is entitled

15  to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because

16  "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179

17  (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to

18  liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,

19  1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of

20  leniency.

21      "Generally, a district court may not consider any material beyond the pleadings in ruling

22  on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

23  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard

24  Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly,

25  "documents whose contents are alleged in a complaint and whose authenticity no party

1   questions, but which are not physically attached to the pleading, may be considered in ruling on

2   a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for

3   summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of

4   Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

5   *Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers

6   materials outside of the pleadings, the motion to dismiss is converted into a motion for summary

7   judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

8        If the court grants a motion to dismiss, it must then decide whether to grant leave to

9   amend.  The court should "freely give" leave to amend when there is no "undue delay, bad

10  faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by

11  virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman*

12  *v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear

13  that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow*

14  *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

15          **2.    Analysis**

16          *a.   Quiet Title*

17       Nevada statutes provide that "[a]n action may be brought by any person against another

18  who claims an estate or interest in real property, adverse to the person bringing the action, for

19  the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "In a quiet title

20  action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v.*

21  *Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  "Moreover, there is a presumption in

22  favor of the record titleholder." *Id.*

23       Plaintiff's claim for quiet title fails because he has not alleged that he paid the debt owed

24  on the property, and that he was not in breach of the loan agreement.  Therefore, he has not

25  sufficiently alleged good title in himself.  Accordingly, this cause of action will be dismissed.

### b.  Fraud

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).  A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

Plaintiff's claim for fraud fails because his allegations are solely based upon the documents recorded in Clark County relating to the property. (*See* Compl. at 4:¶22.)  He alleges that those documents "contain the dates and times of the fraudulent actions of the Defendants satisfying the particulars of Fraud." (*Id*.)  However, this is incorrect.  Alleging that the details of a fraud claim can be found by reviewing every publicly recorded document relating to a property is insufficient to meet the pleading standard of Federal Rule of Civil Procedure 9(b). Such a review might reveal an inconsistency, but this alone is not sufficient to allege that a fraudulent transaction occurred as other facts related to defendant's knowledge and intent to induce are lacking.  Plaintiff fails to plead facts which, if true, would establish these other essential elements.  Accordingly, this cause of action will be dismissed.

### c.  Breach of Contract

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms

of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").

Here, Plaintiff's claim for breach of contract fails because his sole allegation is that Defendants allegedly failed to "notify him of the sale of the note to the Trust," in breach of his "right to know under the Deed of Trust that the note was being sold, transferred or assigned to the Trust." (*See* Compl. at 4:¶23.)  Plaintiff does not allege the existence of a valid contract or that he performed or was excused from performance.  Accordingly, this cause of action will be dismissed.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court (ECF No. 10) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Quality Loan Service Corp.'s Motion to Dismiss (ECF No. 8) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Quicken Loans, Inc.'s Motion to Dismiss (ECF No. 11) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants BAC Home Loans Servicing LP, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (ECF No. 19) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Quicken Loans, Inc.'s Motion for Hearing (ECF No. 45) is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 55) filed by Defendants BAC Home Loans Servicing, LP and Mortgage Electronic Registration Systems, Inc., and the Motion for Summary Judgment (ECF No. 56) filed by Defendant

1   Quicken loans, Inc., are each **DENIED as moot.**

2        **IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed with leave to

3   amend.  Plaintiff shall have until October 19, 2012, to file an amended complaint consistent with

4   this Order.  Failure to do so by this date will result in this case being closed.

5        DATED this 3rd day of October, 2012.

6

7        _____

8        Gloria M. Navarro
         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25